FILED
SUPERIOR COURT
OF GUAM

2020 FEB 20 PM 5: 23

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0207-19 |
| | ) | |
| v. | ) | |
| | ) | **DECISION AND ORDER RE.** |
| FRANKLIN JAY SANTOS, | ) | **DEFENDANT'S MOTION TO EXTEND** |
| (DOB: 01/09/1987) | ) | **TIME TO FILE MOTIONS TO COMPEL** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |
| | ) | |

## I.
## INTRODUCTION

This matter came before the Court on February 6, 2020, on Defendant Franklin Jay Santos's ("Defendant") Motion to Extend Time to File Motions to Compel. Defendant was represented at the hearing by Attorney William Brennan, Esq. and the People of Guam were represented by Assistant Attorney General Alysa S. Draper-Dehart. The basis of Defendant's motion is that, despite numerous requests made to various prosecutors of the Office of the Attorney General for an offer to resolve this matter without proceeding to trial as well as to engage in discovery discussions, the People have continued to ignore such requests and have not communicated with Defense Counsel except to address a discovery matter in June 2019.[1] The People have not filed any responsive brief but at the hearing did not object to the Motion. For

---

[1] *Mot. to Extend Time to File Mots. To Compel Discovery* at p. 2 (Jan. 21, 2020). *See also, Decl. of William B. Brennan In Support of Mot. to Extend time To File Mots. To Compel Discovery, Other Motions and Witness Lists* (the "Brennan Declaration") at ¶¶ 5, 6. (Jan. 21, 2020).

the reasons stated herein, the Court **GRANTS** Defendant's Motion to Extend Time and **HEREBY VACATES** Jury Selection and Trial currently scheduled for March 11, 2020.

## II.
## DISCUSSION

Defendant claims that, "despite regular attempts at contact, the People of Guam ("People") have not been in communication with the undersigned regarding this matter." *Mot.* at 2; *Brennan Decl.* at 5. During the seven (7) month period from their last communication in June 2019 and the filing of the Motion in January 2020, the People failed to respond to Attorney Brennan's requests regarding discovery as well as to engage in any discussions with respect to a resolution of this matter without trial. Counsel for the defense seeks an extension of the time in order to "coordinate potential discovery requests and to discuss possible issues with existing discovery prior to filing motions related to discovery and other motions. The Defense would also like an opportunity to discuss potential resolution of this matter without the need for trial. Without **any communication** from the People, the Defendant is unable to diligently contextualize his defense and the charge, the discovery and to prepare for motion practice and trial." *Mot.* at 2 (emphasis in original).

The Court was assigned to preside over this matter on April 25, 2019, and issued the Criminal Trial Scheduling Order in this case on June 4, 2019, during the Criminal Trial Setting hearing of the same date. *Crim. Trial Sched. Order* (Jun 7, 2019)(the "June Trial Scheduling Order"). This is well within the ninety (90) days as mandated under Administrative Rule No. 13-003(D). *AR No. 13-003(C)* at 8 (May 13, 2013). In the June Trial Scheduling Order, the Court ordered parties to exchange all discovery and to file any motions to compel discovery by **January 21, 2020.** It ordered that all motions and witness lists be submitted by **January 28,**

**2020**. It also ordered the Pre-trial Conference be held on **March 3, 2020** at **11:00 a.m.**, with Jury Selection and Trial to commence on **March 11, 2020** at **1:30 p.m.** *Id.*

Although Defendant seeks only to extend the deadline in which to file motions beyond the deadline set forth in the June Scheduling Order, it necessarily follows that the trial date must be vacated in consideration of the deadlines for any responsive briefing to and oral argument on any motions filed beyond the deadline which has already expired. Additionally, all pre-trial submission deadlines have long passed by the date of the hearing on the instant Motion, February 6, 2020. It is noteworthy that the People did not file the People's Witness list until February 7, 2020, and that it was filed only after the Court indicated during the hearing that it was considering issuing a Notice of Potential Dismissal of the case due to the prosecution's failure to comply with the June Trial Scheduling Order. While the Court did not ultimately issue the Notice of Potential Dismissal, the People were put on notice that it had failed to comply with the Trial Scheduling Order without providing the Court with any good cause for such failure.

The Court now considers whether there is good cause to grant the extension requested by the Defendant and ultimately vacate the jury selection and trial.

**A.** *People vs. Blas Requires Consideration of a Four Factor Test*

The Guam Supreme Court considered the question of whether a trial court appropriately denied the continuance of a criminal trial in order to comply with the mandates of Administrative Rule No. 13-003 in *People v. Blas*, 2016 Guam 9 (2016). In that case, Defendant Frankie Garrido Blas requested a trial continuance to allow an off-island witness to testify on his behalf and in his defense; however, the trial court denied the requests because the trial had previously been moved and also "because the time standards set forth in Administrative Rule No. 13-003

required resolution of the case by April 7, 2015." *Blas* at 4. In denying the request to continue the trial dates, the trial judge stated:

> I've had to move [the trial] through no fault of Mr. Blas, I think, three times now, and I know he wants his trial as soon as possible. Unfortunately, I know he's the one requesting a continuance today ... [b]ut the Court has an administrative deadline of April 7th, by which to close the case, if I don't bring the case to judgment by that time I'm committing an ethical violation that I will be prosecuted for. So you're going to have to appeal it if it's an issue, because I'm committing an ethics violation that will be prosecuted even if Mr. Blas does not complain about it ... because the Ethics Prosecutor goes ahead and acts on his own initiative to prosecute judges for violation of time standards.

*Id.* citing Tr. at 4 (In Limine Mot. Hr'g). Blas appealed the denial, arguing that the trial court's decision to deny the continuance would deprive him of the right to present exculpating eyewitness testimony, resulting in a substantial and irreparable injury and the People did not oppose.

On appeal, the Guam Supreme Court ultimately reversed the trial court after applying a four factor test requiring an evaluation of the following: (1) "the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing," (2) "how likely it is that the need for a continuance could have been met if the continuance had been granted" (often phrased in terms of "utility"), (3) "the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses," and (4) "the extent to which the appellant might have suffered harm as a result of the district court's denial." *Blas* at 25 (citing *United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir. Ct. App. 1985)).

//

//

//

**B.**    *Applying the Four Factor Test Supports a Good Cause Continuance.*

   **1. Whether Santos exercised sufficient Defendant's diligence in preparing for his defense prior to the cut-off dates.**

The uncontroverted claim set forth in the Declaration of Defendant's Counsel is that the defense has attempted to communicate both orally and in writing with the Office of the Attorney General for over seven (7) months with no response from the People "aside from a reponse regarding a discovery request in June of 2019." (Brennan Decl. at ¶¶ 5, 6). The purpose of such communication was "to coordinate potential discovery requests and to discuss possible issues with existing discovery prior to filing motions related to discovery and other motions. The Defense would also like the opportunity to discuss potential resolution of this matter without the need for trial." *Mot. at 2.* Moreover, Defendant claims that the non-responsiveness of the Prosecutor has resulted in the Defendant being "unable to diligently contextualize his defense and the charge, the discovery, and to prepare for motion practice and trial." *Id.*

The Court finds that the Defendant has fully satisfied the requirements of the first factor with respect to preparing diligently, or at least attempting to do so, with the failure of success attributable to the People.  Indeed, the Court finds that, in stark contrast to the Defendant, the People have *not* been diligent in its prosecution of this case.

   **2. Whether a continuance is useful to Santos.**

The gravamen of Defendant's motion is that the People's failure to reply to his repeated attempts at communication has resulted in an inability to essentially prepare for an adequate defense, including through pre-trial discovery and other motions.  Moreover, the Defendant has indicated that there may be a possibility of resolution without the need for a trial, if only the People would respond to defense counsel's numerous attempts to discuss the case with the prosecutor and, indeed, *any* prosecutor.  Again, such a contention is not opposed by the People.

Although the issue in *Blas* involved the availability of a "crucial percipient witness," the Court finds that the principle of this factor – whether a continuance would be beneficial to the defendant in receiving information relevant to discovery which will enable defense counsel to adequately prepare a for trial – applicable here. The Court finds further that an extension of the time for filing motions – which will necessitate the issuance of new trial dates – will enable Santos to determine whether discovery or other pre-trial motions need to be filed and whether the matter can be resolved through a plea agreement.

### 3. Whether the need for the continuance will inconvenience the court, the People, and witnesses.

The Court has already found that any delay requested by the Defendant is a result of the People's failure to communicate with the Defendant despite numerous attempts by Defense Counsel. *Supra.* Recognizing the authority of the trial court to exercise its discretion in managing its docket, the Guam Supreme Court in *Blas* opined that, absent a clear abuse of such discretion, deference is afforded to the trial court in making case management decisions "because it is in a much better position to determine the effect that a particular procedure will have on both parties." *Blas* at ¶ 39. Such discretion is also tempered by the defendant's right to present a complete defense. *Id.* at ¶ 40. In the case before the Court, Defendant claims that the People's failure to engage in any discussions with respect to discovery or resolution have seriously hampered its ability to "contextualize its defense," and, therefore, the Court finds that the inability to even prepare a defense due to the inaction of the People wholly disregards any notions of fundamental fairness guaranteed by the Due Process Clause of the Fourteenth Amendment.

Moreover, although the delay may result in a potential failure of the Court to comply with the time standards set forth in Administrative Rule 13-003, the Guam Supreme Court, quoting

directly from Administrative Rule 13-003, noted that these standards "are 'aspirational goals,' and that "'each trial court judge shall diligently strive to meet them, consistent with their obligations pursuant to Canon 3B(8) of the Model Code of Judicial Conduct.'" *Blas* at ¶ 47. As such, the Court finds: (1) that the continuance is occasioned by the People's failure to respond to Defense Counsel; (2) that the continuance, under the circumstances, is necessary in order to provide Defendant with the due process protections under the Fourteenth Amendment; and, (3) on balance, the Court will not be inconvenienced by the delay when weighed against the negative impact that the "blind application of Administrative Rule 13-003" would have upon the Defendant's due process rights.

### 4. Whether Santos can demonstrate that prejudice would result without the continuance.

The trial court must give great weight to any substantial prejudice to the rights of the moving party when exercising its discretion to grant or deny a continuance. *Blas* at ¶ 51 (citations omitted). Moreover, while unnecessary delays must be avoided so as to ensure efficient operation in the court system and in the public's interest in the prompt disposition of criminal cases, "considerations must be subordinated if substantial rights of a defendant are affected." *Id.* The Court has already found that denying the continuance requested by the Defendant will result in a denial of his substantial rights; therefore, this factor also weighs in the Defendant's favor.

## III.

## CONCLUSION

For the reasons stated herein, the Court finds that the factors enumerated by the Guam Supreme Court in *Blas* apply affirmatively in the instant case to justify granting Defendant's

Motion and further finds that the expansion of the motions cut-off dates require the Court to vacate the current trial date set for March 11, 2020 at 1:30 p.m.

A criminal trial setting shall be held on **April 21, 2020, at 9:30 a.m.**

SO ORDERED this _____ FEB 20 2020 _____

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
1) MICUS
2) ARRIOLA LAW FIRM
FEB 20 2020 Time: 5:30

Deputy Clerk, Superior Court of Guam

*People v. Franklin Jay Santos*; CF0207-19
D&O Re. Defendant's Motion To Extend Time To File Motions To Compel
Page 8 of 8